# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

REGINALD BLOUNT, DESMOND
WHATLEY, DAVID BARTLESON,
and KIRK L. JIMMERSON, JR.,

        Plaintiffs,

    v.

FLEET COURIER, INC.,

        Defendant

Case No.:


Jury Trial Demanded

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

NOW COME Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr., by their attorneys, Cade Law Group, LLC, on behalf of themselves and all other similarly-situated persons, and as for their Collective and Class Action Complaint against Defendant Fleet Courier, Inc. allege and show to the Court as follows, to recover damages under the Fair Labor Standards Act (29 U.S.C. § 216), Wisconsin wage and hour laws and regulations, and the doctrine of unjust enrichment.

### INTRODUCTION

1.     This is a Collective and Class Action suit brought by Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr., individually and on behalf of the members of the proposed classes identified below, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.,* and Rule 23 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 23, asking the Court to properly classify Defendant Fleet Courier, Inc.'s drivers as employees as opposed to their current misclassification by

Defendant as independent contractors, to correct unlawful employment wage and hour practices undertaken by Defendant, and to provide appropriate relief to Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and other individuals who worked for Defendant as drivers on this basis.

2.      As alleged with greater particularity below, Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed Collective ("proposed collective class") and Class ("proposed Wisconsin class") Action members are, or were, drivers for Defendant Fleet Courier, Inc. Defendant has a policy or practice of misclassifying its drivers as "independent contractors", even though they are and were – for all practical and legal intents and purposes – Defendant's employees. Plaintiffs and the proposed collective and Wisconsin class members seek declaratory judgment determining that Plaintiffs and the proposed collective and Wisconsin class members are, and were, Defendant's employees.

3.      As alleged with greater particularity below, Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective and Wisconsin class members are, or were, drivers for Defendant Fleet Courier, Inc. Defendant has a policy or practice of misclassifying its drivers as "independent contractors" and requiring them to pay for their own expenses. As a result, Defendant has not paid Plaintiffs and the proposed collective and Wisconsin class members minimum wage, as required by Federal and State laws and regulations. Defendant has also failed to maintain complete and accurate personnel files, including payroll records, for Plaintiffs and/or the proposed collective and Wisconsin class members, as required by Federal and State laws and regulations.

4.     As alleged with greater particularity below, Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective and Wisconsin class members are, or were, drivers for Defendant Fleet Courier, Inc. Defendant has a policy or practice of misclassifying its drivers as "independent contractors". As a result, Defendant has denied Plaintiffs and the proposed collective and Wisconsin class members overtime pay, as required by Federal and State laws and regulations. Defendant has also failed to maintain complete and accurate personnel files, including payroll records, for Plaintiffs and/or the proposed collective and Wisconsin class members, as required by Federal and State laws and regulations.

5.     Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective and Wisconsin class members also seek to recover damages for Defendant Fleet Courier, Inc.'s common-law violations, including unjust enrichment.

6.     Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. bring this action individually and on behalf of other similarly-situated current and former drivers for Defendant Fleet Courier, Inc., as a Collective Action, pursuant to the Fair Labor Standards Act ("FLSA"), as amended, for the purpose of obtaining relief under the FLSA for unpaid minimum wage and overtime compensation, plus liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

7.     Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. also bring this action individually and on behalf of other similarly-situated current and former drivers for Defendant Fleet Courier, Inc., pursuant to Wisconsin wage

and hour laws and regulations, Wis. Stat. §§ 109.01 et seq., 104.01 et seq., 103.01 et seq., Wis. Admin. Code §§ DWD 272.001 et seq., and DWD 274.001 et seq., for purposes of obtaining relief for unpaid minimum wage and overtime compensation, agreed-upon wages, and back pay, in addition to civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

8.     Jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq.*

9.     This Court has supplemental jurisdiction over Wisconsin state law claims, pursuant to 28 U.S.C. §1367, because they would form part of the same case or controversy as the aforementioned claims.

10.     Venue in this judicial district is proper, by virtue of 28 U.S.C. §1391, as: a) Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective and Wisconsin class members worked for Defendant Fleet Courier, Inc. in Brookfield, Wisconsin, which is in the Eastern District of Wisconsin, b) a substantial part or all of the events or omissions giving rise to these claims arose in this District, and/or c) Defendant regularly conducts business in, and/or has substantial and systematic contacts with, this District.

## PARTIES

11.     Plaintiff Reginald Blount is an adult male citizen of the State of Wisconsin and residing at 2233 North 11th Street, Milwaukee, WI 53205. Plaintiff Reginald Blount is a former employee of Defendant Fleet Courier, Inc. who worked as a driver from on or

about March 14, 2016 to on or about May 22, 2017. Plaintiff Reginald Blount's Notice of Consent to Join this Collective Action pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit A** of this Complaint and is incorporated herein.

12.     Plaintiff Desmond Whatley is an adult male citizen of the State of Wisconsin and residing at 1201 S. 64th St., West Allis, Wisconsin 53214. Plaintiff Desmond Whatley is a former employee of Defendant Fleet Courier, Inc. who worked as a driver from on or about March 14, 2016 to on or about July 14, 2017. Plaintiff Desmond Whatley's Notice of Consent to Join this Collective Action pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit B** of this Complaint and is incorporated herein.

13.     Plaintiff David Bartleson is an adult male citizen of the State of Wisconsin and residing at 429 W. Christine Ln., Milwaukee, Wisconsin 53212. Plaintiff David Bartleson is a former employee of Defendant Fleet Courier, Inc. who worked as a driver from on or about April 15, 2016 to on or about March 29, 2017. Plaintiff David Bartleson's Notice of Consent to Join this Collective Action pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit C** of this Complaint and is incorporated herein.

14.     Plaintiff Kirk L. Jimmerson, Jr. is an adult male citizen of the State of Wisconsin and residing at 383 Minz Park Cir., Apt. 3, West Bend, Wisconsin 53095. Plaintiff Kirk L. Jimmerson, Jr. is a former employee of Defendant Fleet Courier, Inc. who worked as a driver from on or about February 20, 2016 to on or about March 24, 2017. Plaintiff Kirk L. Jimmerson, Jr.'s Notice of Consent to Join this Collective Action pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit D** of this Complaint and is incorporated herein.

5

15.     Defendant Fleet Courier, Inc. is an Illinois for-profit corporation engaged in the transportation of medical equipment or devices, and is engaged in business and/or has several "hubs" or locals throughout the Upper Midwest region, including one in the State of Wisconsin located at 13040 W. Lisbon Road, # 700, Brookfield, WI 53005. Upon information and belief and at the time this Complaint is filed, Defendant Fleet Courier, Inc. is not legally authorized to do business in the State of Wisconsin and has no Registered Agent in the State of Wisconsin. Its principal business address in the State of Illinois is 21201 S. Elsner Rd., #1447, Frankfort, IL 60423, and its Registered Agent in the State of Illinois is William Allen, 2100 Manchester Rd., Suite 1015, Wheaton, IL 60187-4591. Upon information and belief, Defendant is at present, and has been at all times relevant to the allegations in this Complaint, an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act, and an "employer" within the meaning of 29 U.S.C. §203 and Wis. Stat. §§103.001, 104.01, and 109.01.

16.     Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. bring this action individually and, as authorized under the FLSA, 29 U.S.C. § 216(b), on behalf of a collective class defined as follows: ***"All individuals who were based out of the Wisconsin 'hub' or local of Defendant Fleet Courier, Inc. who worked as drivers at any time from February 2016 to the present."*** Excluded from the collective class are Defendant and its affiliates, parents, subsidiaries, employees, officers, agents, and directors; government entities or agencies, its affiliates, employees, officers, agents, and directors in their governmental capacities; any judicial officer presiding over this matter and the members of their immediate families and judicial staff; and class counsel. Plaintiffs reserve the right to amend this class definition, if necessary.

6

17.    Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. bring this action individually and, pursuant to Fed. R. Civ. P. 23, on behalf of a putative class defined as follows: ***"All individuals who were based out of the Wisconsin 'hub' or local of Defendant Fleet Courier, Inc. who worked as drivers at any time from February 2016 to the present."*** Excluded from the putative class are Defendant and its affiliates, parents, subsidiaries, employees, officers, agents, and directors; government entities or agencies, its affiliates, employees, officers, agents, and directors in their governmental capacities; any judicial officer presiding over this matter and the members of their immediate families and judicial staff; and class counsel. Plaintiffs reserve the right to amend this class definition, if necessary.

## ALLEGATIONS COMMON TO ALL PLAINTIFFS

18.    Defendant Fleet Courier, Inc. is in the business of providing transportation services to a medical equipment device company, Stryker Corporation, in the State of Wisconsin and in other states in the Upper Midwest region. Upon information and belief, Defendant Fleet Courier, Inc. began operations in the State of Wisconsin in February of 2016, even though it was not – and is not – legally authorized to conduct business in the State of Wisconsin.

19.    The only services provided by Defendant Fleet Courier, Inc. are – and were, at all times relevant to the facts of this Complaint – the transportation or delivery of medical equipment or devices. Defendant conducts and conducted no other business beyond the transportation or delivery of medical equipment or devices for Stryker Corporation from its Wisconsin "hub" or local. At all relevant times, the work performed

by Plaintiffs and Defendant's other drivers is, and was, directly essential to the business operated by Defendant.

20.     Defendant Fleet Courier, Inc.'s drivers provide the entirety of the services that Defendant offers – the transportation or delivery of medical equipment or devices. Defendant uses no other employees or purported contractors to carry out these services. In fact, Defendant only has eight people it considers employees throughout the entire Company, including Dispatchers, Hub Managers, Coordinators, and Agnes Corrado (Operations Manager) and Concetta Frain (Human Resources). The latter two also are Defendant's owners. None of these employees carry out transportation services as their primary duties.

21.     Defendant Fleet Courier, Inc. categorizes its drivers as "independent contractors" and does not pay drivers minimum wage or overtime, as required by Federal and State laws and regulations.

22.     As a condition of employment, Defendant Fleet Courier, Inc. requires its drivers to sign a contract that mischaracterizes each driver as an "independent contractor". This contract is a contract of adhesion, and drivers have no ability to negotiate its terms and conditions. This contract is designed to conceal the true and actual nature of the relationship between Defendant and its drivers, which is that of an employer and its employees.

23.     Upon information and belief, Defendant Fleet Courier, Inc. has not maintained complete and accurate payroll records for its drivers since February of 2016, which evidence Plaintiffs' and other drivers' hours worked and wages paid, as required by Federal and State laws and regulations. Also upon information and belief, Defendant

has willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at their Wisconsin "hub" or local, as required by Federal and State laws and regulations, which had made it impossible for its drivers to know of their rights under Federal and State law.

24.     The sole duties of Defendant Fleet Courier, Inc.'s drivers are, and were, supposed to be transporting or delivering medical equipment or devices from one location to another.

25.     Defendant Fleet Courier, Inc.'s drivers are, and were, not free to work for another delivery company, much less a competitor.

26.     Defendant Fleet Courier, Inc.'s drivers are, and were, issued badges and shirts that read "Fleet Courier" and are, and were, required to wear their badges and shirts both while at Defendant's "hub" at while at any of Defendant's client's Stryker Corporation's facilities and when entering areas of hospitals not open to the public.

27.     Defendant Fleet Courier, Inc. retains, and retained, the absolute right to control and directs the work of its drivers. Defendant's drivers are, and were, issued copies of Fleet  Courier's policies, which prescribe rules for Defendant's drivers about how to carry out deliveries and how to conduct themselves, and which provide that failure to adhere to them would result in corrective action, including termination.

28.     Defendant Fleet Courier, Inc. retains, and retained, control over the instrumentalities of its drivers' job. For example, Defendant required specific types, sizes, and conditions of the vehicles use by its drivers for the deliveries.

29.     Upon being hired by Defendant Fleet Courier, Inc., drivers provide, and provided, their availability, so Defendant could prepare a work schedule. Once a schedule

9

is, and was, selected for a driver by Defendant, that driver has, and had, to adhere to that schedule on a weekly basis and cannot, and could not, show up whenever he or she wanted to. Defendant's drivers also have, and had, to obtain prior approval from the Hub Manager to show up late, leave early, or miss work. Defendant also required its drivers to be on-call every day for at least ten (10) hours, as well as weekends and holidays. Drivers are, and were, not free to leave the Wisconsin "hub" when there is/was no work to be done. In fact, Defendant's policies state that drivers spent about 20% of their time waiting at the "hub", for delivery "runs" to be assigned.

30.     Defendant Fleet Courier, Inc.'s Hub Managers assign, and assigned, delivery "runs" to the drivers. Defendant's drivers are, and were, not paid any wages. Instead, they are, and were, paid on the basis of the delivery "runs" they perform. Defendant unilaterally sets, and set, the fares for each delivery, with no negotiation or input from drivers, and drivers have no authority to charge Defendant's client a different fare. Delivery "runs" are, and were, priced differently and some "runs" pay better than others. A driver who is, and was, assigned better-paying "runs" earns, and earned, more than one who is, and was, not.

31.     Delivery "runs" are, and were, timed, due to the medical nature of the equipment or devices being transported or delivered and the fact that the equipment or devices were to be used for surgeries. Defendant Fleet Courier, Inc.'s drivers cannot, and could not, choose when to make a delivery, or how long to get to their destination. Defendant tracks, and tracked, its drivers' movements through a phone application that, as a condition for employment, it requires (and required) their drivers to install and have active at all times. Upon delivery, Defendant's drivers are, and were, required to take

pictures of the equipment and supplies they delivered, get a signed "Proof of Delivery" receipt, "close out" the delivery run on their phone application, and call the Hub Manager or Dispatcher for any potential further assignments.

32.     Defendant Fleet Courier, Inc. and its client, Stryker Corporation, held a mandatory meeting for all drivers on March 16, 2017, in which they instructed drivers about how Defendant and Stryker wanted their delivery runs conducted, and about how to use their tracking phone application. Subsequently, Defendant and Stryker holds, and held, other "gatherings", whenever any issue arises/arose.

33.     Even though, as mentioned, the sole duties of Defendant Fleet Courier, Inc.'s drivers are, and were, supposed to be transporting or delivering medical equipment or devices from one location to another, Defendant also occasionally requires, and required, drivers to assemble medical equipment or devices – including "instrument trays" – that they delivered, if Stryker's employees had not already done so. This assembly is, and was, done by following the instructions and photographs that accompanied the equipment or supplies. Defendant does not, and did not, pay drivers for the time spent assembling equipment or supplies, or for the assembly itself.

34.     By misclassifying its drivers as independent contractors, Defendant Fleet Courier, Inc. seeks, and sought, to have all of the benefits of having dozens of Wisconsin employees, with none of the expenses, obligations, or risks. Defendant shifts, and shifted, expenses onto its drivers by requiring them to pay for insurance, vehicle maintenance, depreciation, gasoline, repairs, licensing fees, and other costs and expenses of carrying out deliveries. Defendant also shifts, and shifted, expenses onto its drivers by requiring

them to pay the cost for any medical equipment or device damaged during the course of deliveries.

35.     Because they are misclassified as independent contractors, drivers who would be otherwise eligible for unemployment insurance benefits after their tenure with Defendant Fleet Courier, Inc. ended (as is the case with Plaintiffs) have, and had, no access to such benefits. By virtue of this misclassification, Defendant has unlawfully avoided paying unemployment insurance premiums to the State of Wisconsin. In fact, Defendant is believed to not be legally authorized to do business in the State of Wisconsin.

36.     Because they are misclassified as independent contractors, drivers who might have been otherwise eligible for employee benefits, including healthcare and workers' compensation, have, and had, no access to such benefits. By virtue of this misclassification, Defendant Fleet Courier, Inc. has unlawfully avoided paying workers' compensation premiums to the State of Wisconsin. In fact, as previously mentioned, Defendant is believed to not be legally authorized to do business in the State of Wisconsin.

37.     At least one government agency has found that Defendant Fleet Courier, Inc. misclassifies its drivers as independent contractors. Previously, Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. had filed charges of discrimination with the Equal Employment Opportunity Commission against Defendant, which were cross-filed with the Wisconsin Equal Rights Division. The latter agency took up the investigation and processing of the case. One of Defendant's defenses in that case was that it was not a covered entity under the Wisconsin Fair Employment Act (WFEA),

because Plaintiffs were supposedly independent contractors, and not employees. On January 17, 2020, after both parties had briefed, presented evidence, and been heard on the issue of whether Defendant's drivers were actually employees who had been misclassified as independent contractors, the Wisconsin Equal Rights Division found that, "as a whole, the evidence presented at hearing evinces that the complainants were employees, and not independent contractors", and that "Fleet Courier had significant control over the means and manner of the complainants' work performance, and engaged in no other business beyond medical courier services." *See* **Exhibit E.**

38. Though Defendant Fleet Courier, Inc. calls, and called, its drivers "independent contractors", it treated and treats them – as a matter of fact – as employees, because – among other things – it exerted and exerts substantial control over them by enforcing policies that, among other things: control drivers' schedules, control how and when drivers are to carry out their work, limit drivers' ability to exercise their own business judgment in their work, control what clothes drivers can wear, control what drivers can earn for performing their duties, and confer on Defendant the authority to reprimand and terminate its drivers. Furthermore, Defendant's drivers provide, and provided, the very services which Defendant was created to provide and market, and which is its sole source of income. In other words, if Defendant did not have drivers, it would not be able to provide its transportation services at all. As such, Defendant is, and was, an employer of Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective and Wisconsin class members under the Fair Labor Standards Act and Wisconsin wage and hour law.

39.     Moreover, despite their purported "independent contractor" status, Defendant Fleet Courier, Inc.'s drivers' work does not, and did not, exhibit the traditional characteristics of independently-run businesses. Drivers do not, and did not, own and operate separate business entities, are not allowed to perform work for other businesses whenever and however they choose, have little or no opportunity to realize a profit or loss from their work, and have little to no opportunity with regards to work. Defendant's divers are, and were, employees, and not independent contractors, and are, and were, entitled to minimum wage and overtime.

40.     Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective and Wisconsin class members are not, and were not, exempt under the Fair Labor Standards Act and Wisconsin wage and hour law.

41.     Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective and Wisconsin class members are, and were, required to bear the risk and expenses associated with providing delivery services to Defendant Fleet Courier, Inc., including insurance, vehicle maintenance, depreciation, gasoline, repairs, licensing fees, and other costs and expenses of carrying out deliveries. When these expenses are factored in, the result is that Defendant's drivers are, and were, compensated at below minimum wage.

42.     Defendant Fleet Courier, Inc.'s ongoing illegal policies of misclassifying Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective and Wisconsin class members as "independent contractors" and failing to pay them minimum wage has resulted in Plaintiffs and the proposed collective and Wisconsin class members being denied substantial legally

required compensation. At no time has Defendant reimbursed Plaintiffs and the proposed collective and Wisconsin class members for the expenses they incurred while working for Defendant and in furtherance of its business. The extent of the compensation that was unlawfully denied or retained is uncertain, because Defendant never maintained accurate payroll records nor provided its drivers with wage statements to reflect their hours worked.

43.     Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective and Wisconsin class members are, and were, expected and/or required to be on-call for at least ten (10) hours a day, 7 days a week (including holidays) and thus work, and worked, in excess of forty (40) hours per week for Defendant Fleet Courier, Inc. and are not, and were not, paid 1.5 times their hourly rate for hours worked in excess of forty (40) hours per week.

44.     Defendant Fleet Courier, Inc.'s ongoing illegal policies of misclassifying Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective and Wisconsin class members as "independent contractors" and failing to pay them for time worked has resulted in Plaintiffs and the proposed collective and Wisconsin class members being denied substantial legally required compensation and/or overtime payments, given that Plaintiffs and the proposed collective and Wisconsin class members worked in excess of forty (40) hours per week. The extent of the compensation that was unlawfully denied is uncertain, because Defendant never maintained accurate payroll records nor provided its drivers with wage statements to reflect their hours worked.

## ALLEGATIONS AS TO PLAINTIFF REGINALD BLOUNT

45.     Plaintiff Reginald Blount was employed as a driver by Defendant Fleet Courier, Inc. from on or about March 14, 2016 to on or about May 22, 2017, when his employment was terminated. On January 24, 2018, Plaintiff Reginald Blount filed a charge of discrimination with the United States Equal Employment Opportunity Commission.

46.     Defendant Fleet Courier, Inc. failed to pay Plaintiff Reginald Blount the legally prescribed minimum wage for his hours worked from on or about March 14, 2016 to on or about May 22, 2017, in violation of the applicable Federal and State minimum wage provisions.

47.     Additionally, Defendant Fleet Courier, Inc. did not pay Plaintiff Reginald Blount time and a half (1.5 times) his regular hourly wage for hours worked over forty (40) hours. This, in spite of the fact that Plaintiff Reginald Blount was on-call every day for at least ten (10) hours, was expected to be on-call after hours, in excess of those ten (10) hours, and was expected to be on-call during weekends and holidays. Defendant Fleet Courier, Inc. thus violated the applicable Federal and State overtime provisions with respect to Plaintiff Reginald Blount.

48.     The extent of the compensation that Defendant Fleet Courier, Inc. unlawfully denied Plaintiff Reginald Blount is uncertain, because Defendant never maintained accurate payroll records nor provided its drivers with wage statements to reflect their hours worked.

49.     After his termination, Plaintiff Reginald Blount did not receive his final paycheck within either the next scheduled pay period or one month, as required by Wisconsin law.

50.     Also, after his termination ended, Plaintiff Reginald Blount did not have access to any unemployment insurance benefits, even though he had been – for all practical and legal intents and purposes – Defendant Fleet Courier, Inc.'s employee.

**ALLEGATIONS AS TO PLAINTIFF DESMOND WHATLEY**

51.     Plaintiff Desmond Whatley was employed as a driver by Defendant Fleet Courier, Inc. from on or about March 14, 2016 to on or about July 14, 2017, when his employment was terminated. On January 24, 2018, Plaintiff Desmond Whatley filed a charge of discrimination with the United States Equal Employment Opportunity Commission.

52.     Defendant Fleet Courier, Inc. failed to pay Plaintiff Desmond Whatley the legally prescribed minimum wage for his hours worked from on or about March 14, 2016 to on or about July 14, 2017, in violation of the applicable Federal and State minimum wage provisions.

53.     Additionally, Defendant Fleet Courier, Inc. did not pay Plaintiff Desmond Whatley time and a half (1.5 times) his regular hourly wage for hours worked over forty (40) hours. This, in spite of the fact that Plaintiff Desmond Whatley was on-call every day for at least ten (10) hours, was expected to be on-call after hours, in excess of those ten (10) hours, and was expected to be on-call during weekends and holidays. Defendant Fleet Courier, Inc. thus violated the applicable Federal and State overtime provisions with respect to Plaintiff Desmond Whatley.

54.     The extent of the compensation that Defendant Fleet Courier, Inc. unlawfully denied Plaintiff Desmond Whatley is uncertain, because Defendant never maintained accurate payroll records nor provided its drivers with wage statements to reflect their hours worked.

55.     After his termination ended, Plaintiff Desmond Whatley did not receive his final paycheck within either the next scheduled pay period or one month, as required by Wisconsin law.

56.     Also, after his termination ended, Plaintiff Desmond Whatley did not have access to any unemployment insurance benefits, even though he had been – for all practical and legal intents and purposes – Defendant Fleet Courier, Inc.'s employee.

## ALLEGATIONS AS TO PLAINTIFF DAVID BARTLESON

57.     Plaintiff David Bartleson was employed as a driver by Defendant Fleet Courier, Inc. from on or about April 15, 2016 to on or about March 29, 2017, when his employment was terminated. On January 24, 2018, Plaintiff David Bartleson filed a charge of discrimination with the United States Equal Employment Opportunity Commission.

58.     Defendant Fleet Courier, Inc. failed to pay Plaintiff David Bartleson the legally prescribed minimum wage for his hours worked from on or about April 15, 2016 to on or about March 29, 2017, in violation of the applicable Federal and State minimum wage provisions.

59.     Additionally, Defendant Fleet Courier, Inc. did not pay Plaintiff David Bartleson time and a half (1.5 times) his regular hourly wage for hours worked over forty (40) hours. This, in spite of the fact that Plaintiff David Bartleson was on-call every day

for at least ten (10) hours, was expected to be on-call after hours, in excess of those ten (10) hours, and was expected to be on-call during weekends and holidays. Defendant Fleet Courier, Inc. thus violated the applicable Federal and State overtime provisions with respect to Plaintiff David Bartleson.

60.    The extent of the compensation that Defendant Fleet Courier, Inc. unlawfully denied Plaintiff David Bartleson is uncertain, because Defendant never maintained accurate payroll records nor provided its drivers with wage statements to reflect their hours worked

61.    After his termination ended, Plaintiff David Bartleson did not receive his final paycheck within either the next scheduled pay period or one month, as required by Wisconsin law.

62.    Also, after his termination ended, Plaintiff David Bartleson did not have access to any unemployment insurance benefits, even though he had been – for all practical and legal intents and purposes – Defendant Fleet Courier, Inc.'s employee.

**ALLEGATIONS AS TO PLAINTIFF KIRK L. JIMMERSON, JR.**

63.    Plaintiff Kirk L. Jimmerson, Jr. was employed as a driver by Defendant Fleet Courier, Inc. from on or about February 20, 2016 to on or about March 24, 2017, when his employment was terminated. On January 24, 2018, Plaintiff Kirk L. Jimmerson, Jr. filed a charge of discrimination with the United States Equal Employment Opportunity Commission.

64.    Defendant Fleet Courier, Inc. failed to pay Plaintiff Kirk L. Jimmerson, Jr. the legally prescribed minimum wage for his hours worked from on or about February 20,

2016 to on or about March 24, 2017, in violation of the applicable Federal and State minimum wage provisions.

65.    Additionally, Defendant Fleet Courier, Inc. did not pay Plaintiff Kirk L. Jimmerson, Jr. time and a half (1.5 times) his regular hourly wage for hours worked over forty (40) hours. This, in spite of the fact that Plaintiff Kirk L. Jimmerson, Jr. was on-call every day for at least ten (10) hours, was expected to be on-call after hours, in excess of those ten (10) hours, and was expected to be on-call during weekends and holidays. Defendant Fleet Courier, Inc. thus violated the applicable Federal and State overtime provisions with respect to Plaintiff Kirk L. Jimmerson, Jr.

66.    The extent of the compensation that Defendant Fleet Courier, Inc. unlawfully denied Plaintiff Kirk L. Jimmerson, Jr. is uncertain, because Defendant never maintained accurate payroll records nor provided its drivers with wage statements to reflect their hours worked.

67.    After his termination ended, Plaintiff Kirk L. Jimmerson, Jr. did not receive his final paycheck within either the next scheduled pay period or one month, as required by Wisconsin law.

68.    Also, after his termination ended, Plaintiff Kirk L. Jimmerson, Jr. did not have access to any unemployment insurance benefits, even though he had been – for all practical and legal intents and purposes – Defendant Fleet Courier, Inc.'s employee.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

69.    Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective class under Section 216(b) of the Fair Labor Standards Act have been similarly-situated, have been similarly misclassified as

"independent contractors" while performing the same duties, and are and have been subject to Defendant Fleet Courier, Inc.'s decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them minimum wage and compensate them for each hour worked, including overtime compensation. The claims of Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr., as stated herein, are the same as those of the proposed collective class.

70.    The members of the proposed collective class under Section 216(b) of the Fair Labor Standards Act are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from Defendant Fleet Courier, Inc. Notice can be provided to the proposed collective class via first class mail to the last address known to Defendant and through posting at Defendant's local or "hub" in areas where postings are normally made.

71.    There are questions of fact and law common to the members of the proposed collective class under Section 216(b) of the Fair Labor Standards Act that predominate over any questions affecting only individual members. The questions of law and fact common to the proposed collective class arising from Defendant Fleet Courier, Inc.'s actions include, without limitation, the following:

a) whether Defendant controls its drivers' schedules;

b) whether Defendant controls how and when its drivers perform their duties;

c) whether Defendant's drivers exercise their own business judgment in their work;

d) whether Defendant controls what its drivers can wear;

e) whether Defendant controls what its drivers can earn for performing their duties;

f) whether Defendant's drivers are free to work for other delivery companies;

g) whether Defendant had the authority to reprimand and terminate its drivers;

h) whether Defendant's drivers own and operate their own businesses;

i) whether Defendant requires its drivers to pay the expenses of their employment, including insurance, vehicle maintenance, depreciation, gasoline, repairs, licensing fees, and other costs and expenses incurred in carrying out deliveries;

j) whether the work performed by drivers is, and was, within Defendant's usual course of business, and whether such work is fully integrated into Defendant's business;

k) whether Defendant's drivers provide the sole and essential service that Defendant markets itself to provide and derives its income and profits from;

l) whether Defendant's drivers can realize a profit or loss from their work;

m) whether Defendant's drivers are properly classified as "independent contractors";

n) whether Defendant fails to pay its drivers minimum wage;

o) whether Defendant fails to pay its drivers overtime;

p) whether Defendant unlawfully shifts expenses onto its drivers;

q) whether Defendant unlawfully deducts from its drivers' wages;

r) whether Defendant violated the Fair Labor Standards Act;

s) whether Defendant failed to maintain true and accurate records for members of the proposed collective class;

t) the nature and extent of class-wide injury and the measure of damages for the injury;

u) whether Defendant denied its drivers employee benefits, including unemployment insurance, workers' compensation, and health insurance, as required by law;

v) whether Defendant's failure to pay minimum wage and overtime to its drivers is "willful" under the Fair Labor Standards Act;

w) whether Defendant is liable to its drivers for liquidated damages under the Fair Labor Standards Act; and

x) whether Defendant is liable to its drivers for attorneys' fees associated with this action.

72.    Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective class under Section 216(b) of the Fair Labor Standards Act seek relief on a collective basis challenging, among other violations of the Fair Labor Standards Act, Defendant Fleet Courier, Inc.'s practice of failing to maintain accurate payroll records, accurately record all hours worked, and failing to pay employees minimum wage and compensate them for all hours worked, including overtime compensation.

73.    A collective action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs – particularly those with relatively small claims – ordinarily lack the financial resources to vigorously prosecute separate lawsuits in court against a corporate defendant.

74.     The questions set forth above predominate over any questions that affect only individual persons, and a collective action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

75.     Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. are represented by competent counsel that has experience in complex litigation, business and employment law, wage and hour law, and electronic discovery. The undersigned counsel has been admitted to practice before the United States District Court for the Eastern District of Wisconsin.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

76.     Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. bring their Wisconsin State law claims, pursuant to Wisconsin wage and hour laws and regulations, under Federal Rule of Civil Procedure 23, on behalf of the proposed Wisconsin class for violations occurring on or after February 1, 2016.

77.     The proposed Wisconsin class' members are so numerous that joinder of all members is impracticable. More importantly, the disposition of their claims as a class would benefit both the parties and the Court. Although the precise number of such persons is unknown at this time, and the facts on which the calculation of that number are presently within the sole control of Defendant Fleet Courier, Inc., the proposed Wisconsin class will consist of at least twenty-five members.

78.     Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr.'s claims are typical of those claims that could be alleged by any member of the proposed Wisconsin class, and the relief sought is typical of the relief that would

be sought by each member of the proposed Wisconsin class in separate actions. The alleged claims arise out of the same corporate practices and/or policies implemented by Defendant Fleet Courier, Inc. Moreover, Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the proposed Wisconsin class, while Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the other members of the proposed Wisconsin class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

79.     Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. are able to fairly, adequately, and effectively protect the interests of the proposed Wisconsin class, and have no interests that are, or might be, adverse or antagonistic to those of the members of the proposed Wisconsin class.

80.     There are questions of fact and law common to the proposed Wisconsin class that predominate over any questions affecting only individual members. The questions of law and fact that are common to the proposed Wisconsin class arising from Defendant Fleet Courier, Inc.'s actions include, without limitation, the following:

a) whether Defendant controls its drivers' schedules;

b) whether Defendant controls how and when its drivers perform their duties;

c) whether Defendant's drivers exercise their own business judgment in their work;

d) whether Defendant controls what its drivers can wear;

e) whether Defendant controls what its drivers can earn for performing their duties;

f) whether Defendant's drivers are free to work for other delivery companies;

g) whether Defendant had the authority to reprimand and terminate its drivers;

h) whether Defendant's drivers own and operate their own businesses;

25

i) whether Defendant requires its drivers to pay the expenses of their employment, including insurance, vehicle maintenance, depreciation, gasoline, repairs, licensing fees, and other costs and expenses incurred in carrying out deliveries;

j) whether the work performed by drivers is, and was, within Defendant's usual course of business, and whether such work is fully integrated into Defendant's business;

k) whether Defendant's drivers provide the sole and essential service that Defendant markets itself to provide and derives its income and profits from;

l) whether Defendant's drivers can realize a profit or loss from their work;

m) whether Defendant's drivers are properly classified as "independent contractors";

n) whether Defendant fails to pay its drivers minimum wage;

o) whether Defendant fails to pay its drivers overtime;

p) whether Defendant unlawfully shifts expenses onto its drivers;

q) whether Defendant unlawfully deducts from its drivers' wages;

r) whether Defendant violated Wisconsin's wage and hour laws and regulations;

s) whether Defendant failed to maintain true and accurate records for members of the proposed Wisconsin class;

t) whether Defendant was unjustly enriched by its drivers' work;

u) the nature and extent of class-wide injury and the measure of damages for the injury;

v) whether Defendant denied its drivers employee benefits, including unemployment insurance, workers' compensation, and health insurance, as required by law;

w) whether Defendant's failure to pay minimum wage and overtime to its drivers is "willful" under Wisconsin law;

x) whether Defendant is liable to its drivers for liquidated damages under Wisconsin law; and

y) whether Defendant is liable to its drivers for attorneys' fees associated with this action.

81.     A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs – particularly those with relatively small claims – ordinarily lack the financial resources to vigorously prosecute separate lawsuits in court against a corporate defendant.

82.     The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

83.     Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. are represented by competent counsel that has experience in complex litigation, business and employment law, wage and hour law, and electronic discovery. The undersigned counsel has been admitted to practice in the State of Wisconsin.

## COUNT I – FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

84.     Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. reallege and incorporate by reference the above paragraphs as if they were fully set forth herein.

85.     Since February of 2016 and/or the commencement of each Plaintiff's employment, Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective class members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq*. Since on or before February of 2016, Defendant Fleet Courier, Inc. has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1), Plaintiffs and the proposed collective class members have been employees within the meaning of 29 U.S.C. § 203(e), and Defendant has been an employer of Plaintiffs and the proposed collective class members, as provided under 29 U.S.C. § 203(d).

86.     Since February of 2016 and/or the commencement of each Plaintiff's employment, Defendant Fleet Courier, Inc. has failed to pay Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective class members for their work and/or has made withholdings and/or expected them to pay for the expenses incurred in providing delivery service that bring their compensation to below minimum wage, as described above, and have thus failed to pay Plaintiffs and the proposed collective class members minimum wage under the Fair Labor Standards Act for hours they worked, as required by 29 U.S.C. §206.

87.     Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective class members are entitled to damages equal

to the difference between what they were paid and minimum wage. Pursuant to 29 U.S.C. §216(b), Plaintiffs are also entitled to the reimbursement of the costs and attorneys' fees incurred in prosecuting an action for unpaid minimum wage.

**COUNT II – FAILURE TO PAY OVERTIME WAGE UNDER THE FLSA**

88.    Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. reallege and incorporate by reference the above paragraphs as if they were fully set forth herein.

89.    Since February of 2016 and/or the commencement of each Plaintiff's employment, Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective class members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq.* Since on or before February of 2016, Defendant Fleet Courier, Inc. has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1), Plaintiffs and the proposed collective class members have been employees within the meaning of 29 U.S.C. § 203(e), and Defendant has been an employer of Plaintiffs and the proposed collective class members, as provided under 29 U.S.C. § 203(d).

90.    Since February of 2016 and/or the commencement of each Plaintiff's employment, Defendant Fleet Courier, Inc. has failed to pay Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective class members for hours worked in excess of forty (40) hours in any given workweek, as described above, and have thus failed to pay Plaintiffs and the proposed collective class members overtime compensation under the Fair Labor Standards Act, as required by 29 U.S.C. §207 *et seq.*

91.     Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective class members are entitled to damages equal to mandated overtime premium pay for all hours worked within the three years prior to the filing of this Complaint, plus periods of equitable tolling because Defendant Fleet Courier, Inc. acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA, particularly in its actions and omissions aimed at keeping its drivers uninformed of their rights under the FLSA. Pursuant to 29 U.S.C. §216(b), Plaintiffs are also entitled to the reimbursement of the costs and attorneys' fees incurred in prosecuting an action for unpaid overtime wages.

### COUNT III – UNLAWFUL DEDUCTION OF WAGES UNDER THE FLSA

92.     Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. reallege and incorporate by reference the above paragraphs as if they were fully set forth herein.

93.     Since February of 2016 and/or the commencement of each Plaintiff's employment, Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective class members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq.* Since on or before February of 2016, Defendant Fleet Courier, Inc. has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1), Plaintiffs and the proposed collective class members have been employees within the meaning of 29 U.S.C. § 203(e), and Defendant has been an employer of Plaintiffs and the proposed collective class members, as provided under 29 U.S.C. § 203(d).

94.     Since February of 2016 and/or the commencement of each Plaintiff's employment, Defendant Fleet Courier, Inc. has shifted expenses onto its drivers by requiring them to pay for insurance, vehicle maintenance, depreciation, gasoline, repairs, licensing fees, and other costs and expenses of carrying out deliveries, and by requiring them to pay the cost for any medical equipment or device damaged during the course of deliveries, as described above, and have thus made unlawful deductions of the Plaintiffs' and the proposed class members' wages under the Fair Labor Standards Act.

## COUNT IV – FAILURE TO PAY MINIMUM WAGE UNDER WISCONSIN LAW

95.     Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. reallege and incorporate by reference the above paragraphs as if they were fully set forth herein.

96.     Since February of 2016 and/or the commencement of each Plaintiff's employment, Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed Wisconsin class members have been entitled to the rights, protections, and benefits provided by Wisconsin's wage and hour laws and regulations. Plaintiffs and the proposed Wisconsin class members have been employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*, 104.01 *et seq.*, and 109.01 *et seq.*, as well as Wis. Admin. Code §§ DWD 272.001 *et seq.* and DWD 274.01 *et seq.*; and Defendant Fleet Courier, Inc. has been an employer of Plaintiffs and the proposed Wisconsin class members, within the meaning of Wis. Stat. §§ 103.001 *et seq.*, 104.01 *et seq.*, and 109.01 *et seq.*, as well as Wis. Admin. Code §§ DWD 272.001 *et seq.* and DWD 274.01 *et seq.*

97.     Since February of 2016 and/or the commencement of each Plaintiff's employment, Defendant Fleet Courier, Inc. has failed to pay Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed Wisconsin class members for their work, and/or made withholdings and/or expected them to pay for the expenses incurred in providing delivery service that bring their compensation to below minimum wage, as described above, and have thus failed to pay Plaintiffs and the proposed Wisconsin class members minimum wage under Wisconsin law for hours they worked, as required by Wis. Stat. §§ 104.035 *et seq.*, and Wis. Admin. Code §§ DWD 272.003 *et seq.* and DWD 272.12. *et seq.*

98.     Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed Wisconsin class members are entitled to damages equal to the difference between what they were paid and minimum wage. Under Wisconsin law, Plaintiffs are also entitled to the reimbursement of the costs and attorneys' fees incurred in prosecuting an action for unpaid minimum wage.

**COUNT V – FAILURE TO PAY OVERTIME UNDER WISCONSIN LAW**

99.     Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. reallege and incorporate by reference the above paragraphs as if they were fully set forth herein.

100.    Since February of 2016 and/or the commencement of each Plaintiff's employment, Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed Wisconsin class members have been entitled to the rights, protections, and benefits provided by Wisconsin's wage and hour laws and regulations. Plaintiffs and the proposed Wisconsin class members have been employees

within the meaning of Wis. Stat. §§ 103.001 *et seq.*, 104.01 *et seq.*, and 109.01 *et seq.*, as well as Wis. Admin. Code §§ DWD 272.001 *et seq.* and DWD 274.01 *et seq.*; and Defendant Fleet Courier, Inc. has been an employer of Plaintiffs and the proposed Wisconsin class members, within the meaning of Wis. Stat. §§ 103.001 *et seq.*, 104.01 *et seq.*, and 109.01 *et seq.*, as well as Wis. Admin. Code §§ DWD 272.001 *et seq.* and DWD 274.01 *et seq.*

101.    Since February of 2016 and/or the commencement of each Plaintiff's employment, Defendant Fleet Courier, Inc. has failed to pay Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed Wisconsin class members for hours worked in excess of forty (40) hours in any given workweek, as described above, and have thus failed to pay Plaintiffs and the proposed Wisconsin class members overtime compensation under Wisconsin law, as required by Wis. Stat. §§ 104.02 *et seq.*, and 109.03 *et seq.*, as well as Wis. Admin. Code § DWD DWD 274.03 *et seq*.

102.    Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed Wisconsin class members are entitled to damages equal to mandated overtime premium pay for all hours worked within the three years prior to the filing of this Complaint. Under Wisconsin law, Plaintiffs are also entitled to the reimbursement of the costs and attorneys' fees incurred in prosecuting an action for unpaid overtime wages.

**COUNT VI – UNLAWFUL DEDUCTION OF WAGES UNDER WISCONSIN LAW**

103.    Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. reallege and incorporate by reference the above paragraphs as if they were fully set forth herein.

104.    Since February of 2016 and/or the commencement of each Plaintiff's employment, Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed Wisconsin class members have been entitled to the rights, protections, and benefits provided by Wisconsin's wage and hour laws and regulations. Plaintiffs and the proposed Wisconsin class members have been employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*, 104.01 *et seq.*, and 109.01 *et seq.*, as well as Wis. Admin. Code §§ DWD 272.001 *et seq.* and DWD 274.01 *et seq.*; and Defendant Fleet Courier, Inc. has been an employer of Plaintiffs and the proposed Wisconsin class members, within the meaning of Wis. Stat. §§ 103.001 *et seq.*, 104.01 *et seq.*, and 109.01 *et seq.*, as well as Wis. Admin. Code §§ DWD 272.001 *et seq.* and DWD 274.01 *et seq*.

105.    Since February of 2016 and/or the commencement of each Plaintiff's employment, Defendant Fleet Courier, Inc. has shifted expenses onto its drivers by requiring them to pay for insurance, vehicle maintenance, depreciation, gasoline, repairs, licensing fees, and other costs and expenses of carrying out deliveries, and by requiring them to pay the cost for any medical equipment or device damaged during the course of deliveries, as described above, and have thus made unlawful deductions of the Plaintiffs' and the proposed Wisconsin class members' wages, in violation of Wis. Stat. § 103.455 *et seq.*

## COUNT VII – LIQUIDATED DAMAGES

106. Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. reallege and incorporate by reference the above paragraphs as if they were fully set forth herein.

107. Since February of 2016 and/or the commencement of each Plaintiff's employment, Defendant Fleet Courier, Inc. has willfully failed to maintain complete and accurate personnel files, including payroll records, for Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective and Wisconsin class members, as required by Federal and State laws and regulations. Also upon information and belief, Defendant has willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at their Wisconsin "hub" or local, as required by Federal and State laws and regulations, which has had the intended effect of keeping Defendant's drivers uninformed of their rights under Federal and State law.

108. Upon information and belief, Defendant Fleet Courier, Inc. has willfully conducted business in the State of Wisconsin without being legally authorized to do so. It has also evaded its legal employment-related obligations by willfully denying Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective and Wisconsin class members employment-related benefits, including unemployment insurance, workers' compensation, and health insurance.

109. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment. Defendant Fleet Courier, Inc. has willfully failed to pay Plaintiffs Reginald Blount, Desmond Whatley, David

Bartleson, and Kirk L. Jimmerson, Jr. and the proposed Wisconsin class members all the wages they earned, to a day not more than 31 days prior to the date of payment. This constitutes continuing, willful violations of Wisconsin's wage and hour laws and regulations.

110.   As alleged above, Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective class members are entitled to damages equal to mandated overtime premium pay for all hours worked within the three years prior to the filing of this Complaint, plus periods of equitable tolling because Defendant Fleet Courier, Inc. acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA, particularly in its actions and omissions aimed at keeping its drivers uninformed of their rights under the FLSA.

111.   Defendant Fleet Courier, Inc.'s failure to properly compensate Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective class members, failure to properly record all compensable work time, and failure to post the required minimum wage and overtime workplace postings was willfully perpetrated, and Plaintiffs and the proposed collective class members are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

112.   Additionally, under Wis. Stat. §109.11, Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed Wisconsin class are entitled to liquidated damages equal and up to fifty percent of their unpaid wages for

Defendant Fleet Courier, Inc.'s willful violation of Wisconsin wage and hour laws and regulations.

113.    Alternatively, should the Court find that Defendant Fleet Courier, Inc. did not act willfully in failing to pay minimum and overtime premium wages, Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective and Wisconsin class are entitled to an award of pre-judgment interest at the applicable legal rate.

### COUNT VIII – UNJUST ENRICHMENT

114.    Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. reallege and incorporate by reference the above paragraphs as if they were fully set forth herein.

115.    In Wisconsin, there are three elements of a claim for unjust enrichment: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under circumstances making it inequitable for the defendant to retain the benefit without payment of its value.

116.    Defendant Fleet Courier, Inc. is – and has since February 1, 2016 – unlawfully shifting, and has shifted, expenses onto its drivers by requiring them to pay for insurance, vehicle maintenance, depreciation, gasoline, repairs, licensing fees, and other costs and expenses of carrying out deliveries. Defendant has also evaded its legal employment-related obligations by failing to provide Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective and

Wisconsin class members employment-related benefits, including unemployment insurance, workers' compensation, and health insurance.

117. Defendant Fleet Courier, Inc. is – and has been since February 1, 2016 – unjustly enriched by work performed by Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective and Wisconsin class. Defendant derived this enrichment from Plaintiffs and the proposed collective and Wisconsin class members by making material misrepresentations that they were "independent contractors" and taking advantage of them. Plaintiffs and the proposed collective and Wisconsin class members have suffered damages as a result of Defendant's actions, including but not limited to, the substantial sums of money they pay, and have paid, for insurance, vehicle maintenance, depreciation, gasoline, repairs, licensing fees, and other costs and expenses of carrying out deliveries, and the unearned benefits that were denied to them, including unemployment insurance, workers' compensation insurance, and healthcare insurance.

118. Defendant Fleet Courier, Inc.'s conduct damaged Plaintiffs and the proposed collective and Wisconsin class members. Plaintiffs and the proposed collective and Wisconsin class members  are thus entitled to restitution for their full share of the proceeds of the improperly-retained employment-related expenses and benefits.

## RELIEF

WHEREFORE, Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr., on behalf of themselves and the proposed collective and Wisconsin class members, respectfully request that this Court:

a. Enter an order designating this action as a collective action on behalf of the

proposed collective class and allowing issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

b. Enter an order, at the earliest time possible, certifying this action as a class action on behalf of the proposed Wisconsin class, pursuant to Federal Rule of Civil Procedure 23;

c. Enter an order, at the earliest time possible, appointing the undersigned legal counsel as class counsel, pursuant to pursuant to Federal Rule of Civil Procedure 23;

d. Enter an order designating Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. as the Named Plaintiffs, as well as representatives of the proposed Wisconsin class;

e. Grant leave to add additional Plaintiffs by motion, amend class definitions, file written consent forms, or any other method approved by the Court;

f. Determine that Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective and Wisconsin class members are, and were, Defendant Fleet Courier, Inc.'s employees, and not independent contractors;

g. Enter an order, declaring Defendant Fleet Courier, Inc.'s actions, as described in this Collective and Class Action Complaint, as unlawful and in violation of the Fair Labor Standards Act and Wisconsin wage and hour law, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202;

h. Enter an order, finding that Defendant Fleet Courier, Inc. violated the Fair Labor Standards Act and Wisconsin wage and hour law;

i.      Enter an order, finding that Defendant Fleet Courier, Inc.'s violations of the Fair Labor Standards Act and Wisconsin wage and hour law are, and were, willful;

j.      Enter an order, permanently enjoining Defendant Fleet Courier, Inc. from violating Fair Labor Standards Act and Wisconsin wage and hour law;

k.      Enter an order, finding that Defendant Fleet Courier, Inc. has been unjustly enriched from Plaintiffs' and the proposed Wisconsin class members' work;

l.      Award each of Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective and Wisconsin class members an amount for unpaid minimum wage during their time working as drivers at Defendant Fleet Courier, Inc.;

m.      Award each of Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective and Wisconsin class members an amount for unpaid overtime during their time working as drivers at Defendant Fleet Courier, Inc.;

n.      Award Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective and Wisconsin class members the amount of all liquidated damages and civil penalties as provided under the Fair Labor Standards Act and Wisconsin wage and hour law, including an amount for all benefits – including Unemployment Insurance benefits – not received;

o.      Award Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. an award in the amount of all costs and attorney's fees incurred in prosecuting these claims, as well as pre-judgment and post-judgement interest; and

p.      Grant Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and

Kirk L. Jimmerson, Jr. and the proposed collective and Wisconsin class members such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs Reginald Blount, Desmond Whatley, David Bartleson, and Kirk L. Jimmerson, Jr. and the proposed collective and Wisconsin class members demand trial by a jury of their peers on all issues of fact.

Dated this 4th day of January, 2021.

**CADE LAW GROUP LLC**

By: *s/ Carlos R. Pastrana*

Carlos R. Pastrana
Nathaniel Cade, Jr.
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
carlos@cade-law.com
nate@cade-law.com
Attorneys for Plaintiffs Reginald Blount,
Desmond Whatley, David Bartleson,
and Kirk L. Jimmerson, Jr.